Elijah WILLIAMS and Alberta
Williams, his wife,
Appellants

v.

R.O. CORPORATION, a/k/a RO Corpo-
ration; R.O. Products, Inc.; Terex
R.O. Corporation; Simon R.O. Corpo-
ration; Terex Corporation; Terex
Cranes; Simon Access; Simon–Tele-
lect, Inc.; Simon Aerials, Inc.; Simon
Aerials Limited; Simon–Cella; S.R.I.
Simon Aircraft Ground Equipment;
Simon Engineering, PLC.; Ford Mo-
tor Company

No. 01–1459.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) March 4, 2002.

Opinion Filed April 4, 2002.

Before ALITO, RENDELL, and
HALL,[1] Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Elijah Williams appeals from the Dis-
trict Court's denial of his motion for a new
trial in his strict liability tort action

against Appellees arising from a construc-
tion accident. As the parties are well
aware of the history of these proceedings
and the facts involved, we need not repeat
them here.

Williams raises essentially one issue on
appeal. He asserts that the District Court
erroneously failed to instruct the jury of
the "heeding presumption," which would
have informed the jury that the accident
machine's operator would have obeyed an
adequate warning had it been placed on
the machine. Williams claims that this
omission was prejudicial to his case and
thus warrants the grant of a new trial.

"We exercise plenary review in deter-
mining whether jury instructions misstated
an applicable legal standard." *Fuentes v.
Wagner*, 206 F.3d 335, 346 n. 14 (3d Cir.
2000) (citing *Parks v. AlliedSignal, Inc.*,
113 F.3d 1327, 1330 (3d Cir.1997)).

Appellees argue that Williams's argu-
ment has been waived because he did not
timely object to the District Court's failure
to instruct the jury of the "heeding pre-
sumption." To preserve an objection to a
failure to instruct a jury on an issue, a
party must assert the objection, stating
distinctly the matter objected to and the
grounds for the objection, before the jury
retires to consider its verdict; a party that
fails timely to challenge a trial court's jury
instructions is deemed to have waived such
a challenge. *Alexander v. Riga*, 208 F.3d
419, 426 (3d Cir.2000). In this case,
Williams failed to assert an objection to
the District Court's decision not to instruct
the jury of the "heeding presumption" un-
til after jury began deliberations. He thus
waived this objection.

1. The Honorable Cynthia Holcomb Hall, Cir-
cuit Judge for the Ninth Circuit, sitting by    designation.

Accordingly, we need not reach the merits of Williams's appeal. The judgment of the District Court is affirmed.